J. NEWTON SEITZ SHOE CO., PETITIONER, *v.* COMMISSIONER OF
INTERNAL REVENUE, RESPONDENT.

Docket No. 11401. Promulgated October 10, 1927.

Petitioner, during the year 1921, was not affiliated, within the purview of section 240 of the Revenue Act of 1921, with the Maryland Shoe Co. and the Newton Shoe Co.

*Henry W. Schultheis, Esq.,* for the petitioner.
*P. J. Rose, Esq.,* for the respondent.

This proceeding results from the determination by respondent of a deficiency in income and profits taxes for the calendar year 1921, in the amount of $2,487.10. The sole question is whether the petitioner was affiliated with two other corporations during the calendar year 1921.

### FINDINGS OF FACT.

Petitioner is a Maryland corporation, incorporated in 1906, with principal office at Baltimore, and is engaged in the manufacture of shoes and was so engaged during the year 1921. The Newton Shoe Co. is a corporation, incorporated in the year 1919, and the Maryland Shoe Co. is a corporation, incorporated in the year 1920. The two latter corporations were organized to facilitate the sale of shoes manufactured by petitioner and most of the shoes which they sold were bought from petitioner. Goods were sold to them by petitioner at the regular selling prices.

The outstanding capital stock of the three corporations during the year 1921 was owned by the following stockholders, in the following percentages:

| Stockowner | J. Newton Seitz Shoe Co. | | Maryland Shoe Co. | | Newton Shoe Co. | |
|---|---|---|---|---|---|---|
| | Number of shares | Per cent | Number of shares | Per cent | Number of shares | Per cent |
| J. Newton Seitz | 1,460 | 67.41 | 10 | 50 | 3 | 50 |
| May Seitz | 10 | .46 | | | | |
| Pleasant R. Seitz | 200 | 9.23 | | | | |
| Joseph W. Hahle | 496 | 22.9 | | | | |
| Charles M. Berlow | | | | | 2 | 33⅓ |
| Laura Sussman | | | | | 1 | 16⅔ |
| Gordon Goldsmith | | | 10 | 50 | | |
| | 2,166 | 100 | 20 | 100 | 6 | 100 |

J. Newton Seitz and May Seitz are husband and wife, and Pleasant R. Seitz is a brother of the former. None of the stockholders in the other two corporations are related by blood to J. Newton Seitz.

Charles M. Berlow and Gordon Goldsmith were engaged in the shoe jobbing business, selling also the product of petitioner at the time the Maryland Shoe Co. and the Newton Shoe Co. were organized. They both paid for their stock, in cash or its equivalent, when the corporations were organized, and continued to own the same during the year 1921.

Joseph W. Hahle was superintendent of the plant of the petitioner, and paid cash or its equivalent for his stock in the petitioner and owned the same in the year 1921. There was no agreement between

him and J. Newton Seitz, regarding the control of his stock, and he generally attended all stockholders' meetings, voting his stock with J. Newton Seitz.

Laura Sussman was the sister-in-law of Charles M. Berlow. Separate income and profits-tax returns were filed for each of the corporations for the year under consideration.

When money was borrowed by the Maryland Shoe Co. or the Newton Shoe Co., the banks required the signatures of J. Newton Seitz and/or Charles M. Berlow and Gordon Goldsmith. The books of account of the Newton Shoe Co. were maintained in New York City, where its principal office was located. The Maryland Shoe Co. maintained joint offices with that of the petitioner. In the year 1921, petitioner paid bills of the Maryland Shoe Co. in the amount of $440.97. The banks in Baltimore, where petitioner had its principal office, looked upon the three corporations, for the purpose of determining credit to be extended, as one concern.

No agreement existed during the year 1921, between J. Newton Seitz and Charles M. Berlow and Gordon Goldsmith, regarding the control of the stock of the latter by the former.

OPINION.

MILLIKEN : The only issue to be considered in this proceeding is whether the petitioner was affiliated with the Maryland Shoe Co. and the Newton Shoe Co., for the year 1921, within the meaning of section 240 of the Revenue Act of 1921, which provides as follows:

SEC. 240. (c) For the purpose of this section two or more domestic corporations shall be deemed to be affiliated (1) if one corporation owns directly or controls through closely affiliated interests or by a nominee or nominees substantially all the stock of the other or others, or (2) if substantially all the stock of two or more corporations is owned or controlled by the same interests.

Petitioner does not base its claim for affiliation upon the control or ownership by it of the stock of the Maryland Shoe Co. and the Newton Shoe Co., but the claim is based upon the second provision of the statute just quoted. Petitioner rests its claim for affiliation upon the facts that J. Newton Seitz was in active management of all three corporations, that the three corporations were in fact one economic unit, and that there has been no dissenting voice raised by the other stockholders concerning the business management of J. Newton Seitz. The evidence of record does show that J. Newton Seitz was in active management of the three corporations and there is no evidence to the effect that the other stockholders did other than acquiesce in his management. The statute, however, requires that substantially all the stock be owned or controlled by the same inter-

11340°—28——50

ests.   Two corporations may, in fact, represent an economic unit and have a common directing head, but there must exist an ownership or control of the stock by the same interests.   We have repeatedly stated that intercompany relations or the absence of them, without the necessary stock ownership or control, as provided by the statute, is not sufficient to permit or require affiliation.   *Greenville Coaling & Export Corporation*, 4 B. T. A. 183.

In the instant case, Charles M. Berlow and Gordon Goldsmith owned, without qualification or limitation, 33⅓ per cent and 50 per cent of the outstanding capital stock of the Newton Shoe Co. and the Maryland Shoe Co., and we are unable to find that they parted with the control of their stock during the year 1921.   The same may be said concerning Joseph W. Hahle and Laura Sussman.

Counsel for petitioner, in brief filed in this cause, states the claim of petitioner in the following language:

The claim of petitioner is that, although the ownership of stock is not sufficient, under the revenue law, to permit affiliations, under the decisions of this Board, actual control is sufficient for this purpose.

and cites the decisions rendered in the *Appeal of Isse Koch*, 1 B. T. A. 624, *Hagerstown Shoe & Legging Co.*, 1 B. T. A. 666, and *Midland Refining Co.*, 2 B. T. A. 292.   When the facts in the decisions relied upon are analyzed, it is evident that there existed facts to support the conclusion that there was control of the stock, which facts are absent in the case at bar.   The term, " substantially all," is one that should not be given a narrow or technical interpretation, but we can not go so far as to say that the ownership or control of 50 per cent of the stock complies with the statutory requirement that substantially all the stock must be owned or controlled.   Nor can we give an interpretation to the statute at variance with its mandate, as suggested by counsel for petitioner.

Our attention is called to the fact that the income for the year in question arises by reason of a book profit resulting from the dealings of petitioner with the two corporations in question, and that this hardship should be overcome by permitting affiliation.   We can not make our decisions to fit the exigencies of each particular case so that there may be a relief from or an imposition of a tax.   If the three corporations had made earnings during the year in question so that a substantial tax resulted, petitioner could, with force, contend that substantially all the stock was not owned or controlled by the same interests and that each corporation should pay its own separate tax.

*Judgment will be entered for the respondent.*

Considered by MARQUETTE, PHILLIPS, and VAN FOSSAN.